IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*v.*<br>EJIROGHENE O. OKUMA | Criminal Action No.<br>1:26-CR-00081-SEG |

**United States' Opposition to Defendant Ejiroghene O. Okuma's Motion to Continue Sentencing Hearing**

The United States of America, by Theodore S. Hertzberg, United States Attorney, and Samir Kaushal, Assistant United States Attorney for the Northern District of Georgia, files this Opposition to Defendant Ejiroghene O. Okuma's Motion to Continue Sentencing Hearing. Okuma's motion should be denied and the sentencing hearing should go forward in two days as scheduled.

**Introduction**

Victim-1 is 82 years old and in poor health. Victim-1's wife has made plans to attend the sentencing hearing on Friday. She has also made arrangements for Victim-1's care on Friday. A continuance less than 48 hours in advance of sentencing for the reasons presented by Okuma would unnecessarily delay justice and inconvenience the victim and his family. Indeed, both reasons presented by Okuma fall apart under modest scrutiny. To start, it was Okuma's counsel who, just 12 days ago, requested that the Presentence Investigation Report ("PSR") include the request for a restitution hearing. (PSR ¶ 30.) The

government agreed with the inclusion of the request. Now, with no material change in circumstances, Okuma's counsel is asking the Court to take a different path than the one previously requested. In doing so, Okuma's counsel expresses concern about restitution. But, as explained below, the federal restitution statutes address his concerns.

The Proposed November 2026 Sentencing Guidelines Amendments (the "proposed amendments") likewise do not warrant a last-minute continuance when the date the proposed amendments may take effect has been known for months and Okuma can raise whatever arguments he would like about the proposed amendments at sentencing.

## Argument

1. **Okuma's counsel requested the restitution hearing and the federal restitution statutes contemplate and address the collection and crediting of restitution.**

From at least August 28, 2026, until around September 6, 2026, Okuma's counsel was seemingly a proponent of holding a restitution hearing. Back on August 28, after conferring with the government, Okuma's counsel asked that Probation include a request for a restitution hearing in the PSR, which Probation included in Paragraph 30:

> The parties are requesting that the Court hold open the restitution issue to a later date so that the final amount recovered can be finalized and that the recovered amount can be credited against Mr. Okuma's restitution obligation.

(PSR ¶ 30.) After having asked for a restitution hearing, Okuma's counsel now argues that restitution should be determined at sentencing instead.[1] But the questions he raises about restitution are all matters contemplated by the federal restitution statutes and can be addressed at a restitution hearing. *See* 18 U.S.C. §§ 3663A, 3664. Everyone agrees that a guiding principle of restitution is that victims should be made whole for their losses and they should not receive a windfall. *United States v. Martin*, 803 F.3d 581, 594 (11th Cir. 2015). Everyone also agrees that the total restitution owed, prior to any credits, is $9.793 million. The outstanding question is one that is regularly addressed in fraud cases: what credits against restitution have occurred at the time the restitution order is entered.

A restitution hearing is designed to identify that amount. Title 18, United States Code, Section 3664 lays out the procedure for determining restitution:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the

[1] The parties have already agreed to set off the sentencing hearing twice in the hopes of gaining further information on the funds secured through the Securities Exchange Commission ("SEC") action. First, in June 2026 by Okuma's motion and, again, in July 2026, based on an email request from the government. (Doc. 10.) It is now September 2026 and a final accounting has not been provided by the SEC and there is no timetable for when that might occur. Continuing the sentencing hearing because of the SEC action is unfair to Victim-1 and unnecessarily delays justice because any recovery by Victim-1 from the SEC can be credited as restitution after-the-fact. *See* 18 U.S.C. § 3664(j)(2).

> attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing.

18 U.S.C. § 3664(d)(5). And the statute describes how to address other sources of funds that should be credited as restitution:

> (1) If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.
>
> (2) Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in—
> (A) any Federal civil proceeding; and
> (B) any State civil proceeding, to the extent provided by the law of the State.

18 U.S.C. § 3664(j). Whatever funds Victim-1 receives from the SEC (no matter when they are received) and Victim-1's recent $2.25 million Financial Industry Regulatory Authority ("FINRA") arbitration settlement can be addressed through this framework at or after a restitution hearing.[2] This is not a complex restitution case. There are

[2] The FINRA settlement funds are, according to Victim-1's counsel, due to Victim-1 by September 27, 2026. At the restitution hearing, the Court may need to determine whether the FINRA settlement funds fall under 18 U.S.C. § 3664(j)(1) or (j)(2).

only two variables to account for: the FINRA settlement and the SEC funds.

**2. The proposed amendments do not warrant a continuance.**

The proposed amendments, and the date they may become effective, have been known for months. They are not an emerging circumstance that warrants a last-minute continuance. And Okuma's suggestion that this Court should continue the sentencing until November 2026 simply because of the proposed amendments is, according to the reasoned analysis of Judge Posner of the Seventh Circuit, improper:

> It is improper for a judge to grant (or deny) a continuance for the very purpose of changing the substantive law applicable to the case. We cannot find a reported federal appellate decision that addresses the question, but an unreported one, *United States v. Garcia,* No. 92-50675, 1993 U.S. App. LEXIS 18376, 1993 WL 263459 (9th Cir. July 13, 1993) (per curiam), notes that "the opportunity for a better sentence under a new Amendment to the Guidelines is not a legitimate reason to request a continuance." 1993 U.S. App. LEXIS 18376, [WL] at *1. The court added that "granting a continuance on this basis would greatly inconvenience a district court's ability to impose sentence as defendants would repeatedly

> seek continuances and cause delays upon learning of Amendments to the Guidelines that may benefit the defendant but are yet to take effect." *Id.* And in *United States v. Gonzalez-Lerma,*71 F.3d 1537, 1542 (10th Cir. 1995), overruled on other grounds in *United States v. Flowers,*464 F.3d 1127, 1130 n. 1 (10th Cir. 2006), the court said that "we can foresee defendant's theory [that a continuance can be granted in order to enable a defendant to take advantage of a foreseeable change in the law] creating an ominous situation in which every attorney whose client faces sentencing would attempt to delay sentencing each time lawmakers debate a new statute or amendment. This is an outcome that we cannot allow." See also *United States v. Flores-Ochoa,*139 F.3d 1022, 1024 (5th Cir. 1998).

*United States v. Tanner*, 544 F.3d 793, 796 (7th Cir. 2008) (Posner, J.). The "power to grant or deny a continuance is abused when it is exercised not in order to manage a proceeding efficiently but in order to change the substantive principles applicable to a case." *Id.* at 796–97. "That would be like the judge's trying to change the effective date of a statute because he liked, or disliked, how the statute had changed the existing law." *Id.* at 797. "Furthermore, the Sentencing Commission, not the courts, has been given the authority to decide whether to make a guidelines change prospective or retroactive." *Id.* Okuma's approach asks the Court to "countermand the Commission's choice by waiting until a change intended by the Commission to be prospective has become retroactive by virtue of the passage of time." *Id.*

"That would usurp the authority that Congress has given the Commission." *Id. See Henry v. United States*, No. 1:14-CR-98-WSD-JSA-1, 2017 U.S. Dist. LEXIS 221487, at *33 (N.D. Ga. Feb. 9, 2017) (citing *Tanner*), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 125006 (N.D. Ga., July 25, 2018).

## Conclusion

Okuma's motion should be denied and the sentencing hearing should proceed as scheduled on September 11, 2026.

Respectfully submitted,

THEODORE S. HERTZBERG
*United States Attorney*

/s/ SAMIR KAUSHAL
*Assistant United States Attorney*
Georgia Bar No. 935285
Samir.Kaushal@usdoj.gov